**Irshard KARIM, and Zorina Karim, h/w Plaintiffs,**

v.

**TANABE MACHINERY, LTD. Defendant.**

**No. Civ.A. 03–CV–0344.**

United States District Court, E.D. Pennsylvania.

May 25, 2004.

Neil E. Durkin, Robert G. Bauer, Abraham Bauer & Spalding, P.C., Philadelphia, PA, Richard C. Sokorai, High Swartz Roberts & Seidel LLP, Norristown, PA, for Plaintiffs.

Richard B. Wickersham, Jr., Post & Schell, P.C., Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion for Summary Judgment of Defendant Tanabe Machinery, LTD ("Defendant" or "Tanabe"). Plaintiffs, Irshard and Zorina Karim ("Plaintiffs" or "Karim"), filed a Complaint in this matter seeking damages arising from a workplace injury under theories of strict liability, negligence, and breach of warranty. Subsequently, Plaintiffs limited their theory of recovery solely to strict products liability under section 402A of the Restatement (Second) of Torts. *See Plf.'s Motion in Limine* at ¶ 8; Plf's Answer to Defendant's Motion for Summary Judgment at ¶ s 1–2. Plaintiffs allege that Defendant manufactured and

installed a complicated and expensive box folding machine which contained unguarded chains and sprockets within arms reach of operators. Defendant Tanabe has filed this Summary Judgment Motion citing theories of Assumption of the Risk, the Avoidable Consequences Doctrine, and Proximate Cause in support of this motion. For the following reasons, Defendant's Motion shall be GRANTED.

## FACTUAL BACKGROUND

On February 7, 2001, Plaintiff Irshard Karim was employed at Mid–Atlantic Packaging in Montgomeryville, Pennsylvania, as the operator of a large corrugated cardboard folding machine manufactured by Defendant Tanabe. Plaintiff began his shift on this evening by programming the Tanabe 1, a machine which folds corrugated cardboard for complicated box designs. The process of programming the Tanabe 1 required the plaintiff to enter a series of codes into the computers located at each stage of the Tanabe 1. During the set-up process, several gear driven chains and sprockets move. At the time of plaintiff's injury, there was an unguarded sprocket and chain located at the rear of the machine. After plaintiff punched in the last set of codes for the automatic set-up into the computer, he noticed the manual control switch box was hanging down at the rear of the machine. The previous shift's operator had left the control box in the "down" position in close proximity to the unguarded sprocket and chain. Normally, the manual control switch box is left in the "up" position where it is not near any of the moving parts of the Tanabe. In an attempt to re-position the manual control switch box, plaintiff reached in to take it. A metal ring attached to the top of the manual control switch caught in the unguarded sprocket and pulled the plaintiff's hand into the machine. As a result, plaintiff's finger was partially amputated by the chain and sprocket.

On January 24, 2003, Plaintiff Karim filed a Complaint seeking damages arising from this workplace injury. At this time, Defendant Tanabe requests that this court grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure and enter an Order dismissing plaintiff's suit in its entirety.

## DISCUSSION

### I. Summary Judgment Standard

In deciding a motion for summary judgment under Rule 56(c), a court must determine "whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir.1999). When making this determination, courts should view the facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). For its part, the non-moving party must, through affidavits, admissions, depositions, or other evidence, demonstrate that a genuine issue exists for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Anderson v. Liberty, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

## II. Summary Judgment Is Granted In This Case

■ Under Pennsylvania law, assumption of the risk remains a complete defense to a strict liability claim, as well as a negligence claim. *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430, 445 (3d Cir.1992). In order to prevail under the assumption of the risk defense, a defendant must show that "plaintiff knew of the defect and voluntarily and unreasonably proceeded to use the product or encounter a known danger." *Wagner v. Firestone Tire and Rubber Co.*, 890 F.2d 652, 657 (3d Cir. 1989). The defense of assumption of the risk requires defendant to show that the plaintiff was subjectively aware of the facts which created the danger; thus, only if a plaintiff fully understands the specific risk, voluntarily chooses to encounter it, under circumstances that manifest a willingness to accept it, is he said to have assumed the risk. *Gonzalez v. Brandtjen & Kluge, Inc.*, 1991 WL 208802 (E.D.Pa.1991).

■ Taking into consideration Plaintiff's deposition testimony presented to this court, we find that reasonable minds could not differ that Plaintiff assumed a known risk under circumstances that indicate an abandonment of a right to complain. *See Kupetz v. Deere & Co., Inc.*, 435 Pa.Super. 16, 644 A.2d 1213, 1220 (1994).

Plaintiff testified that he was concerned that the control box would get caught in the chains because the unit was hanging down within inches of the moving sprocket, while the machine was in the automatic setup mode. Plf.'s Dep. at 86; Plf.'s Mem. at 2. Plaintiff further testified that in reaching for the control box, he made special effort not to grab the chain because he knew that if he was not careful with his fingers, they could get in the chain and get pinched. Plf.'s Dep. at 98–99. Once plaintiff grabbed the control box, he tilted upward causing the loop in the chain and the metal ring attached to the control box to get caught in the sprocket. Plf.'s Dep. at 99; Plf.'s Mem. at 2. Consequently, Plaintiff's hand was pulled into the machine where his right middle finger was partially amputated by the chain and sprocket. Plf.'s Mem. at 2.

We find that the Plaintiff was aware of the "known danger" before he proceeded to grab the box, and thus assumed the risk of his injury. Plaintiff's deposition testimony demonstrates his subjective awareness of the risk of the box getting caught in the chain, as well as the risk of his fingers getting pinched if he put them too close to the chain. Yet, Plaintiff proceeded in the face of this danger and grabbed the box. Just as Plaintiff feared, the box got caught and his hand was pulled into the chain and sprocket. In light of Plaintiff's awareness of this risk, his decision to grab the box was unreasonable. Thus, taking the evidence in the light most favorable to the Plaintiff, we find that no genuine issue of fact remains, and Defendant must prevail as a matter of law. Furthermore, we find that Plaintiff's self-serving statement that "[he] didn't think [he] was in harm's way" is inadequate to overcome his admissions regarding the risk of the box and fingers getting caught. Because we grant the motion for summary judgment on this basis, we do not need to reach Defendant's remaining arguments.

An appropriate Order follows.

### ORDER

AND NOW, this ___ day of May, 2004, upon consideration of the Motion for Summary Judgment of Defendant Tanabe Machinery Co., Ltd., and responses thereto, for the reasons stated in the accompanying Memorandum, it is hereby ORDERED and DECREED as follows:

1) Plaintiffs have elected to no longer pursue a negligence or breach of warranty claim and those claims are DISMISSED WITH PREJUDICE;[1] and

2) Summary Judgment is GRANTED in favor of Defendant as to the remaining strict products liability claim.

---

1. *See Plf.'s Motion in Limine* at ¶ 8; Plf's Answer to Defendant's Motion for Summary Judgment at ¶ 1–2.